# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY OLIVAS and ELVIRA OLIVAS, | CASE NO. 11cv2606-WQH-WMc |
| Plaintiffs, | ORDER |
| vs. | |
| UNITED STATES OF AMERICA, OFFICER CHARLES JONES, and DOES 2-20, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiffs' First Amended Complaint, filed by Defendants United States of America and Officer Charles Jones. (ECF No. 27).

**I.  Background**

On November 8, 2011, Plaintiffs initiated this action by filing a Complaint against Defendant United States of America ("United States"). (ECF No. 1).

On September 20, 2012, Plaintiffs filed a First Amended Complaint against the United States and Defendant Officer Charles Jones. (ECF No. 18). The First Amended Complaint alleges:

> On or about January 15, 2010, at approximately 6:00 a.m., Plaintiff Eloy Olivas was driving his pickup truck near the Calexico, East, Port of Entry, in Imperial County, California, on his way to Mexico. Mr. Olivas was stopped by [Customs and Border Protection ('CBP')] officers and was ordered to drive to an area where CBP officers were inspecting vehicles that were leaving the United States

>
> to enter Mexico.
>
> At the inspection area, Mr. Olivas waited inside his pickup truck while CBP officers inspected his truck and other vehicles nearby. Officer Jones, who was handling a dog, attempted to have the dog jump into the bed of Mr. Olivas' pickup truck, but the dog repeatedly slipped off the truck and, in so doing, scratched the truck. Seeking to stop this damage to his property, Mr. Olivas called out, through the open driver side window of his truck, that the dog was scratching his truck.
>
> Officer Jones responded, 'stay inside your vehicle and keep your mouth shut.' Moments later, Officer Jones opened the driver's door of Mr. Olivas' truck, grabbed Mr. Olivas, and pulled him out of the truck.... Officer Jones then slammed Mr. Olivas into the side of the truck, threw him to the ground face down, and dropped his knee onto the side of Mr. Olivas' face.
>
> Mr. Olivas screamed in pain and asked Officer Jones to stop the attack. Mr. Olivas also stated that he was a retired peace officer and repeatedly said, 'I am not resisting.' Ignoring these statements, Officer Jones nonsensically said, 'do not resist,' and then handcuffed Mr. Olivas.
>
> Other CBP officers then grabbed Mr. Olivas, though he had not been, and was not, resisting in any manner. In addition, the dog viciously growled at Mr. Olivas and had to be pulled away to prevent it from attacking him.
>
> Mr. Olivas was then taken to an isolated area where he was frisked by CBP officers and detained for approximately one-half hour. He was then released with no explanation for the officers' conduct.
>
> As a proximate result of the CBP officers' actions, Plaintiff Eloy Olivas suffered physical injuries, mental and emotional distress, loss of earnings, impairment of his future earning capacity, and a violation of his rights under the Fourth Amendment to the United States Constitution and Article I, section 1, of the California Constitution.
>
> As a proximate result of the CBP officers' actions, Plaintiff Elvira Olivas has suffered from the loss of consortium of her husband, Eloy Olivas.

*Id*. ¶¶ 12-19. The First Amended Complaint alleges eleven causes of action: (1) false arrest/imprisonment, (2) battery, (3) negligence, (4) intentional infliction of emotional distress, (5) loss of consortium, (6) excessive force in violation of the Fourth Amendment to the United States Constitution, (7)-(9) three separate causes of action for unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution, (10) violation of California Civil Code §§ 43 and 52.1, and (11) conspiracy to violate Plaintiff Eloy Olivas' federal constitutional rights. The First Amended Complaint demands, as to all Defendants, compensatory damages, loss of earnings, medical expenses, costs of suit, and attorneys' fees. The First Amended Complaint demands, as to Defendants Officer Jones and Does 2-20,

attorneys' fees and punitive damages.

On October 9, 2012, Defendants filed a Certification that "Defendant CBP Agent Charles Jones was acting within the scope of his employment as employee of the Customs and Border Protection with regard to the events described in Plaintiffs' Complaint." (ECF No. 21 at 1-2). On October 9, 2012, Defendants filed a Notice of Substitution of the United States for Defendant Jones with respect to the state law claims pled against him, i.e., the First through Fifth and Tenth Causes of Action. (ECF No. 22).

On December 4, 2012, Defendants filed the Motion to Dismiss Plaintiffs' First Amended Complaint and to Dismiss or Strike from Prayer for Relief Demand for Attorneys' Fees ("Motion to Dismiss"). (ECF No. 27). Defendants move the Court for an order (1) dismissing each individual Agent named in Plaintiffs' state law Causes of Action (i.e., Causes of Action One through Five and Ten) because the United States has been substituted pursuant to 28 U.S.C. § 2679(d)(1); (2) dismissing two of the four unreasonable search and seizure Causes of Action (i.e., Causes of Action Eight and Nine)[1] on the basis of qualified immunity; (3) dismissing the Eleventh Cause of Action for conspiracy on the basis that it is inadequately pled; and (4) dismissing or striking the request for attorneys' fees against the United States.

On December 31, 2012, Plaintiffs filed an opposition to the Motion to Dismiss. (ECF No. 31). On January 7, 2013, Defendants filed a reply in support of the Motion to Dismiss. (ECF No. 33).

**II.  Discussion**

**A.  Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where

---

[1] In the Motion to Dismiss, Defendant also moved for the dismissal of the Seventh Cause of Action, which alleges unreasonable search and seizure. In the reply in support of the Motion to Dismiss, Defendants withdrew the motion for dismissal of the Seventh Cause of Action. *See* ECF No. 33 at 2 ("Defendants acknowledge that they mistakenly included Cause of Action Seven in their Motion to Dismiss.").

the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d 696, 699 (9th Cir. 1990). Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**B.     Substitution of the United States as to the State Law Causes of Action**

Plaintiffs do not oppose the portion of the Motion to Dismiss seeking an order dismissing each individual Agent named in Plaintiffs' state law causes of action (i.e., Causes of Action One through Five and Ten) because the United States has been substituted pursuant to 28 U.S.C. § 2679(d)(1).[2]  (ECF No. 31 at 5). Accordingly, pursuant to 28 U.S.C. § 2679(d)(1) and the Certification filed October 9, 2012 (ECF No. 21), the Motion to Dismiss Defendant Officer Jones from Causes of Action One through Five and Ten is granted.

**C.     Causes of Action Eight and Nine**

Defendants move for the dismissal of Causes of Action Eight and Nine, which each

---

[2] The Federal Tort Claims Act provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees acting within the scope of their office or employment. *See* 28 U.S.C. § 2679(b)(1). The FTCA provides exceptions for federal constitutional and statutory claims, but the parties agree that neither exception applies to the state claims in Causes of Action One through Five and Ten. *See* 28 U.S.C. § 2679(b)(2).

1 allege that Defendant Officer Jones violated Plaintiff Eloy Olivas' Fourth Amendment right
2 not to be subjected to unreasonable search and seizure. Defendants contend that the Eighth
3 and Ninth Causes of Action only allege that the pat-down search of Plaintiff Eloy Olivas and
4 his half-hour detention were unreasonable—without reference to the prior allegations of
5 excessive force while Plaintiff Eloy Olivas was removed from his truck and handcuffed.
6 Defendants contend that, viewed in isolation, a pat-down search and half-hour detention are
7 reasonable as a matter of law in the context of a border stop. Accordingly, Defendants contend
8 that "Officer Jones' search and detention [of Plaintiff Eloy Olivas] are protected by qualified
9 immunity because they did not violate the Constitution and were reasonable." (ECF No. 27
10 at 7).

11 Plaintiffs contend that Defendants "inaccurately characterize" the Eighth and Ninth
12 Causes of Action. (ECF No. 31 at 12). Plaintiffs assert that both the Eighth and Ninth Causes
13 of Action incorporate each of the earlier paragraphs of the First Amended Complaint, and
14 contend that "cause eight is not based *solely* on Mr. Olivas being detained for an extended
15 period of time—it is based on his being detained *after* he was beaten and seized, with no
16 probable cause or reasonable suspicion to support that detention." *Id*. at 13 ("Contrary to what
17 the Defendants seem to assert, that detention cannot be considered a routine border detention,
18 because a reasonable person who had been subjected to the beating that preceded that
19 detention, and who was being detained in handcuffs in a security office, would not have felt
20 he was being subject to routine border crossing formalities."). Similarly, Plaintiffs contend
21 that "[c]ause nine alleges that the search of Mr. Olivas's person when he was being detained
22 was also unlawful because it was not supported by probable cause or reasonable suspicion....
23 More important, the body search followed the unlawful arrest, and neither were supported by
24 probable cause or reasonable suspicion." *Id*.

25 In the reply brief, Defendants contend:

26 Plaintiffs' 'excessive force' allegations and the appropriately related Causes of Action, Six and Seven, are well-pled and should survive the pleading stage so
27 as to be decided by the finder of fact at trial. Yet, Plaintiffs should not be allowed to conflate their 'excessive force' allegations (this *claimed* beating) into
28 four separate Causes of Action—particularly when two of those causes, according to the FAC, relate directly to events alleged to have occurred after

> Plaintiff left his truck. It is only this latter conduct that is the basis for the Motion to Dismiss Causes Eight and Nine. If, as Plaintiffs argue, the alleged beating underlies all four claims, they would be improperly duplicative.

(ECF No. 33 at 3-4).

"[I]t has long been established that routine searches at our international borders do not require objective justification, probable cause, or a warrant." *United States v. Bravo*, 295 F.3d 1002, 1006 (9th Cir. 2002) (citation omitted); *see also United States v. Seljan*, 547 F.3d 993, 999 (9th Cir. 2008) (noting that the border search doctrine applies to "searches at the international border of both inbound and outbound persons "). "Detention and questioning during routine searches at the border are considered reasonable within the meaning of the Fourth Amendment." *Bravo*, 295 F.3d at 1008-09 (citing, inter alia, *United States v. Montoya de Hernandez*, 473 U.S. 531, 539-40 (1985) ("[N]ot only is the expectation of privacy less at the border than in the interior, the Fourth Amendment balance between the interests of the Government and the privacy right of the individual is also struck much more favorably to the Government at the border."). At the border, "a 'detention' ... does *not* require probable cause, [while] ... an 'arrest' ... *must* be supported by probable cause." *Id.* at 1009.

"Of course, [a] search must be 'routine' to fall under [the] broad category of permissible suspicionless searches. We have determined that searches involving extended detention or an intrusive search of a person's body are not routine. In those circumstances, customs officials are required to have 'reasonable suspicion' to support the search." *Id.* at 1006 (citations omitted). "As the search becomes more intrusive, more suspicion is needed.... In a border search, a pat-down requires minimal suspicion." *United States v. Vance*, 62 F.3d 1152, 1156 (9th Cir. 1995) (quotation omitted).

### 1.     Ninth Cause of Action

The Ninth Cause of Action of the First Amended Complaint alleges that Officer Jones and the Doe Defendants, "lack[ing] either probable cause or reasonable suspicion," "violated Mr. Olivas' Fourth Amendment rights [against unreasonable search and seizure] when they searched Mr. Olivas' person inside the port of entry while detaining him for an extended period of time after they had removed him from his truck." *Id.* ¶¶ 50-51. The First Amended

Complaint specifically alleges that Eloy Olivas was "frisked by CBP officers." *Id.* ¶ 17. Although a pat-down search may not transform a detention into an arrest requiring probable cause, *see Nava*, 363 F.3d at 946; *Bravo*, 295 F.3d at 1009-12, a pat-down search at the border requires "minimal suspicion." *Vance*, 62 F.3d at 1156. Viewing the allegations of the First Amended Complaint in the light most favorable to Plaintiffs, *see Moss*, 572 F.3d at 967, the Court finds that the First Amended Complaint adequately alleges that Defendants did not possess minimal suspicion that Plaintiff Eloy Olivas was involved in criminal activity. The Motion to Dismiss the Ninth Cause of Action is denied.

### 2.  Eighth Cause of Action

The Eighth Cause of Action alleges that Officer Jones and the Doe Defendants "violated Mr. Olivas' Fourth Amendment rights [against unreasonable search and seizure] when they detained Mr. Olivas for an extended period of time (including taking him inside the port of entry area) after they had removed him from his truck. At the time Officer Jones and Does 2-20 committed these acts, they lacked either probable cause or reasonable suspicion to believe (1) that there was criminal activity afoot and (2) that Mr. Olivas was a part of it." (ECF No. 18 ¶ 46). Although the Eighth Cause of Action "re-allege[s] and incorporate[s] by reference" the earlier paragraphs of the First Amended Complaint," *id.* ¶ 45, the only violation of the Fourth Amendment specifically alleged in the Eighth Cause of Action is "detain[ing] Mr. Olivas for an extended period of time." *Id.* ¶46. The First Amended Complaint alleges that the specific period of time Eloy Olivas was detained was "approximately one-half hour." *Id.* ¶ 17.

The Eighth Cause of Action is duplicative of the Ninth Cause of Action, which also alleges an unreasonable search and seizure claim and which specifically references the CBP "detaining Mr. Olivas for an extended period of time." *Id.* ¶ 50. Accordingly, it is subject to being stricken as redundant pursuant to Federal Rule of Civil Procedure 12(f). Even if the Eighth Cause of Action was not redundant, without more, a 30-minute detention is "routine"

within the context of a suspicionless border stop and does not violate the Fourth Amendment.[3] *Bravo*, 295 F.3d at 1008-09 ("Detention and questioning during routine searches at the border are considered reasonable within the meaning of the Fourth Amendment."); *cf. United States v. Nava*, 363 F.3d 942, 943, 946 (9th Cir. 2004) (holding that detention for multiple hours in a locked security office during a border stop "was a reasonable border detention" and did not constitute an arrest requiring probable cause). The Motion to Dismiss the Eighth Cause of Action is granted.

### D. Eleventh Cause of Action

Defendants move for the dismissal of the Eleventh Cause of Action on the basis that it is inadequately pled. The Eleventh Cause of Action alleges a claim for conspiracy to violate Plaintiff Eloy Olivas' federal constitutional rights by Officer Jones and Does 2-20. The Eleventh Cause of Action alleges, in its entirety:

> Plaintiffs re-allege and incorporate by reference paragraphs 1 through 55 of this complaint as though set forth herein in full.
>
> Officer Jones' and Does 2-20's conduct in conspiring to commit the various acts alleged herein, to violate Mr. Olivas' constitutional rights, and to cover-up their misconduct constituted a violation of Mr. Olivas' constitutional rights under the Fourth Amendment.
>
> In committing these acts, Officer Jones and Does 2-20 were motivated by malice and acted with evil motive and intent and/or with reckless or callous indifference to Mr. Olivas' constitutional rights, thereby entitling Mr. Olivas to punitive and exemplary damages against Officer Jones and Does 2-20 in an amount according to proof.

(ECF No. 18 ¶¶ 56-58).

In opposition to the Motion to Dismiss, Plaintiffs contend:

> In the eleventh cause of action, Plaintiffs allege that defendants conspired to cover-up the misconduct of Officer Jones (including, but not limited to, his violation of Mr. Olivas' Constitutional rights), which constituted a violation of Mr. Olivas' constitutional rights under the Fourth Amendment.
>
> Defendant Jones felt it was appropriate to attack a U.S. citizen because he

---

[3] In the opposition brief, Plaintiffs assert that during Plaintiffs' half-hour detention, he was "chained to a bench." (ECF No. 31 at 10). This allegation does not appear in the First Amended Complaint, and the Court does not consider it in ruling on the Motion to Dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1989) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.") (citation omitted).

>complained about the scratches on his vehicle and for voicing his displeasure over what was happening. Defendant Jones retaliated against Plaintiff Olivas for exercising his right to free speech.

(ECF No. 31 at 15). In their opposition brief, Plaintiffs state that, since the filing of the First Amended Complaint, they have learned of a "cover-up" which "adds to the conspiratorial nature of what happened at the CBP, which reflects a pre-existing interest to violate First and Fourth Amendment rights and then cover up the activities." *Id*. at 16.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1989) (citation omitted). Plaintiffs have stated no exception to this general rule that would allow the Court to consider the additional statements in Plaintiffs' opposition brief.

Based solely upon the allegations of the First Amended Complaint, the Court finds that the allegations of conspiracy in the Eleventh Cause of Action constitute "labels and conclusions," *Twombly*, 550 U.S. at 555, and "the non-conclusory factual content, and reasonable inferences from that content," are not "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969. The Motion to Dismiss the Eleventh Cause of Action is granted.

### E. Request for Attorneys' Fees Against the United States

Defendants move to dismiss or strike the request for attorneys' fees against the United States in the First Amended Complaint. Defendants contend that the United States has not waived its sovereign immunity under the Federal Tort Claims Act for recovery of attorneys' fees against the government.

Plaintiffs contend that, "[i]rrespective of sovereign immunity, Plaintiffs may recover attorney's fees in several circumstances, including in conjunction with a motion to compel and/or other discovery violations." (ECF No. 31 at 16 (citing Fed. R. Civ. P. 26(g), 37(a)(5)(A))).

"Sovereign immunity bars an award of attorneys' fees against the United States unless a statute expressly authorizes such an award.... Congress has not waived the government's

sovereign immunity for attorneys' fees and expenses under the [Federal Tort Claims Act]." *Anderson v. United States*, 127 F.3d 1190, 1191-92 (9th Cir. 1997). The motion to dismiss or strike the Plaintiffs' request for attorneys' fees against the United States is granted.[4]

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED in part and DENIED in part. (ECF No. 27). Defendant Officer Jones is dismissed from Causes of Action One through Five and Ten. The Eighth and Eleventh Causes of Action are dismissed without prejudice. The request for attorneys' fees against the United States in the First Amended Complaint is stricken.

IT IS FURTHER ORDERED that Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before May 6, 2013. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before May 10, 2013. Objections to Pre-trial disclosures shall be filed no later than May 10, 2013. The Proposed Final Pretrial Conference Order required by Local Rule 16.1(f)(6) shall be prepared, filed and e-mailed in WordPerfect or Word format to efile_hayes@casd.uscourts.gov on or before May 17, 2013. The Final Pretrial Conference shall be May 24, 2013 at 10:00 a.m. in Courtroom 14B.

DATED: March 21, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[4] Plaintiffs have filed no motion seeking attorneys' fees pursuant to the discovery provisions of the Federal Rules of Civil Procedure, and the Court makes no findings as to whether such a motion, if made, would be appropriate.