1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 ELOY OLIVAS and ELVIRA OLIVAS, | ) Case No. 11cv2606-WQH (WMc) |
| 12 Plaintiffs, | ) **ORDER DENYING PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER** |
| 13 | ) |
| 14 v. | ) |
| 15 UNITED STATES OF AMERICA and DOES 1-20, | ) |
| 16 Defendants, | ) |
| 17 | ) |

### Introduction

   This case involves the alleged assault of Plaintiff Eloy Olivas by Defendant Jones, a United States Customs and Border Protection officer, at the Calexico-East Port of Entry. On January 22, 2013, the Court held a telephonic conference to address a discovery dispute regarding Defendant Jones' obligation to respond to Plaintiffs' written discovery requests. After hearing from counsel, the Court ordered the parties to brief whether or not discovery can be served on a party that has yet to appear in an action by way of answer and whether or not the filing of a motion to dismiss constitutes an appearance by the filing party.

### Arguments

   Plaintiffs contend the Court should extend the discovery cut-off date and

permit Defendant Jones to respond to the written discovery.  Plaintiffs deposed Defendant Jones on September 27, 2012, but contend new information has arisen that requires Plaintiffs to seek follow-up information through written discovery. Defendants contend Plaintiffs' written discovery requests for Defendant Jones are untimely, Plaintiffs had adequate time to comply with the Court's Scheduling Order, and Plaintiffs should have raised this issue before the discovery cutoff. Both parties claim potential prejudice: Plaintiffs claim they will be prejudiced if Defendant Jones does not respond to their discovery requests whereas Defendants claim they will be prejudiced if the Court reopens discovery. Although both parties agree Plaintiffs are "stuck between a rock and a hard place," they disagree over who is responsible for Plaintiffs' predicament.

**Applicable Law**

Federal Rule of Civil Procedure 16 sets forth the framework for the Court and parties to manage the pretrial and discovery phase of a civil case in preparation for trial. The Court may modify the scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). To find good cause, the Court must consider the diligence of the party seeking the extension. *See Johnson v. Mammoth Recreations*, *Inc.* 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 Advisory Committee Notes (1983 amendment)). To find diligence, Courts consider the modification-seeking party's diligence in complying with the scheduling order, including the party's participation in creating the scheduling order and the party's diligence in remedying non-compliance or potential non-compliance with the scheduling order. *See Masterpiece Leaded Windows Corp. v. Joslin*, No. 08-CV-0765, 2009 WL 1456418, *2 (S.D. Cal. May 22, 2009). Also, courts consider the cause of the party's inability to comply with the scheduling order.  *See Id.* If the court determines the moving party was not diligent, the inquiry ends. *Johnson*, 975 F.2d at 604.

Although the focus of the Court's inquiry is on the modification-seeking party's diligence, the Court may also consider the prejudice to the party opposing

1   modification. *Id.* Conversely, "[a] party who fails to pursue discovery in the face of

2   a court ordered cut-off cannot plead prejudice from his own inaction." *Rosario v.*

3   *Livaditis*, 963 F.2d 1013 (7th Cir. 1992).

4   **<u>Analysis</u>**[1]

5        The Court's analysis starts with the typical civil action. The plaintiff files a

6   complaint. The defendant files an answer. The Court sets an Early Neutral Evaluation

7   Conference ("ENE"). If the parties do not reach settlement at the ENE, the Court sets

8   a Case Management Conference ("CMC") and instructs the parties on Rule 26

9   compliance. Following the CMC, the Court issues a Scheduling Order regulating the

10  pretrial and discovery schedule. Generally, a party may not serve discovery before the

11  CMC. The parties engage in discovery until the discovery cutoff set forth in the

12  Scheduling Order. The case is either settled or resolved by trial or dispositive motion

13  practice.

14       The instant case deviated from the norm when Plaintiffs filed a First Amended

15  Complaint ("FAC") to include Defendant Jones after Plaintiffs and Defendant (United

16  States of America) completed the ENE, Rule 26 compliance, the CMC, and the Court

17  issued the Scheduling Order. The instant case further deviated from the typical case

18  when all Defendants, including Defendant Jones, moved to dismiss the FAC.

19  Essentially, Plaintiffs lost three to four months of the discovery phase in regard to

20  Defedant Jones because discovery began on June 11, 2012 (following the CMC) but

21  Plaintiffs did not file the FAC adding Defendant Jones until September 20, 2012, and

22  did not serve Defendant Jones with the summons and complaint until October 5, 2012.

23       For the following reasons, the Court finds Plaintiffs did not seek written

24  discovery from Defendant Jones with reasonable diligence. *First*, Plaintiffs should

25  have been more diligent with regard to Defendant Jones in general because Defendant

26  Jones is the *principal actor* in Plaintiffs' grievance. Although not specifically named

27  in the original complaint, his actions were described in detail and those actions

28

[1] A chronology of relevant events is attached as an appendix to this Order.

11cv2606-WQH (WMc)

constitute the gravamen of Plaintiffs' lawsuit. In the original complaint, Plaintiffs allege Defendant Jones pulled Mr. Olivas from his truck and assaulted him. *Second*, Defendant provided Plaintiffs with Defendant Jones' actual identity through Defendants' initial disclosures on June 1, 2012. However, Plaintiffs did not seek leave to amend the complaint to add Defendant Jones until July 27, 2012. *Third*, Plaintiffs did not move to amend the scheduling order until just before discovery closed. The Court's rules require the parties to meet and confer and contact Judge McCurine's chambers *before* filing a discovery motion. Plaintiffs contacted the Court on January 3, 2013 by e-mail to request a January 9, 2012 hearing date. *Fourth*, as discussed below, Plaintiffs' counsel waited to serve written discovery until after Defendant Jones joined in Defendants' motion to dismiss and  after Defendant Jones was deposed. By contrast, Plaintiffs could have propounded written discovery on Defendant Jones as soon as Defendant Jones joined the action; Defendant Jones became *a party* to the action when Judge Hayes granted Plaintiffs leave to file an amended complaint and Defendant Jones *joined* the action when he was served with the summons and complaint. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465-67 (2000).

During the January 22, 2013 telephonic conference, the Court identified the importance of the fourth item listed above and asked the parties to address two related questions by letter-brief: May a party serve discovery on a party who has not yet appeared? Does filing a motion to dismiss constitute an appearance? Plaintiffs answered "no" to the first question and "yes" to the second question. Defendants did not fully address the questions. Plaintiffs contend the Federal Rules of Civil Procedure precluded them from serving interrogatories, requests for admission, and requests for production of documents on Defendant Jones before Defendant Jones made an appearance. Citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), Plaintiffs appear to contend a court must have jurisdiction over a party before discovery may commence against that party. In *Benny*, the Ninth Circuit considered the breadth of

Federal Rule of Civil Procedure 4 in regards to a default judgment entered against the defendants for their failure to timely answer the plaintiff's complaint. *See Id*. However, Plaintiffs' reliance on *Benny* is misplaced because *Benny* did not contemplate whether a party may serve discovery on a party who has not yet appeared.

Moreover, Plaintiffs' general proposition that the Federal Rules precluded them from seeking written discovery from Defendant Jones before Defendant Jones appeared fails for several reasons. *First*, the federal rules do not expressly forbid such an action but rather preclude parties from serving discovery before complying with Rule 26. *Second*, the parties complied with Rule 26 and the Court issued a Scheduling Order which opened discovery. *Third*, the Federal Rules do not support Plaintiffs' contention that a party joined after discovery has begun is not yet a "party" within the meaning of Rules 33, 34, and 36. *See* Fed. R. Civ. P. 26 (D) ("A party that is first *served or otherwise joined* after the Rule 26(f) conference must make the initial disclosures within 30 days after being *served or joined*, unless a different time is set by stipulation or court order[]")(emphasis added). *Fourth*, If Plaintiffs actually thought Defendant Jones was not a "party" within the meaning of Rules 33, 34, and 36, Plaintiffs could have either (a) subpoenaed the same information under Rule 45, or (b) moved the Court to extend the January 2, 2013 discovery cut-off in anticipation of (1) the need to initiate additional discovery within a sufficient period of time in advance of the cut-off date (early December, 2012) and (2) Defendants' prerogative to file a responsive pleading at any time within 60 days of the October 5, 2012 service of the summons and complaint. Even assuming Plaintiff could not propound written discovery on Defendant Jones until Defendant Jones filed a responsive pleading, Plaintiffs *could have* moved for court-ordered expedited discovery immediately following service of the summons and complaint.[2]

---

[2] Where a party seeks formal discovery prior to the Rule 26(f) conference, the court applies a "good cause" standard. *Semitool, Inc. v. Tokyo Electron America*, 208 F.R.D. 273 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the

Although Plaintiffs proposed a reasonable, expedited discovery schedule for the proposed discovery, Plaintiffs failed to diligently seek leave to amend the complaint to  add Defendant Jones, failed to diligently serve Defendant Jones once the Court granted leave, and failed to diligently seek written discovery or move to extend the discovery cut-off.

Moreover, the Court has reviewed Defendant Jones' deposition transcript and the written discovery served on Defendant Jones and finds Plaintiffs' claim of prejudice is not well taken. Indeed, Plaintiffs deposed Defendant Jones for two hours on the topics included in the written discovery. The Court finds Plaintiffs have failed to demonstrate good cause to modify the Scheduling Order. Plaintiffs were not diligent and, therefore, the Court's inquiry ends. *See Johnson*, 975 F.2d at 604.

**IT IS SO ORDERED.**

DATED: March 25, 2013

Hon. William McCurine, Jr.
U.S. Magistrate Judge,
U.S. District Court

responding party." *Id*. at 276.

1
2
3                                    <u>Appendix</u>
4
5
6
**Chronology:**
7
8
| November 8, 2011 | Plaintiff filed initial complaint |
|---|---|
| May 2, 2012 | Court conducted Early Neutral Evaluation Conference |
| May 18, 2012 | Deadline to complete Rule 26(f) exchange |
| June 1, 2012 | Plaintiff learned of Defendant Jones' identity |
| June 15, 2012 | Court conducted Case Management Conference |
| June 19, 2012 | Court issued Scheduling Order |
| July 27, 2012 | Plaintiffs filed motion for leave to amend complaint to add Defendant Jones |
| August 31, 2012 | Deadline to amend the pleadings to add new parties |
| September 10, 2012 | Court granted motion to add Defendant Jones |
| September 20, 2012 | Plaintiffs filed First Amended Complaint |
| October 5, 2012 | Plaintiffs served Defendant Jones a summons and complaint by mail |
| December 4, 2012 | Defendant Jones and Defendant United States of America moved to dismiss the first amended complaint |
| December 14, 2012 | Plaintiffs served written discovery on Defendant Jones |
| December 20, 2012 | Counsel met and conferred regarding Defendant Jones anticipated response to the discovery requests |
| January 2, 2013 | Discovery cutoff |
|  |  |

11cv2606-WQH (WMc)